UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RYAN C. CARLILE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:12-cv-00151-RCJ-WGC |
| vs. | ) | |
| | ) | |
| ERIC K. SHINSEKI et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This case arises out of an alleged hostile workplace environment, improper access of medical records, and false reports. Pending before the Court is a motion to dismiss. For the reasons given herein, the Court grants the motion, with leave to amend in part.

## I.  FACTS AND PROCEDURAL HISTORY

Plaintiff Ryan C. Carlile has filed the present Complaint *in pro se* against Secretary of Veteran's Affairs Eric Shinseki and four employees of the VA Medical Center in Reno, Nevada: Dr. Kurt W. Schlegelmilch, Phyllis Mohr, Lynda H. Cochrane, and Chistine K. Sullivan. Although he has used a form for filing a complaint pursuant to 42 U.S.C. § 1983, Plaintiff brings no claims under that statute, but rather lists the following eight causes of action: (1), (4)–(7) illegal access of medical records (Cochrane); (2) testifying falsely during an EEOC investigation (Mohr); (3) falsifying documentation (Dr. Schlegelmilch); and (8) illegal access of medical records (Sullivan). Defendant has moved to dismiss for lack of jurisdiction and failure to state a

1  claim. Plaintiff has not timely responded.

2  **II.   LEGAL STANDARDS**

3  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
4  claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of
5  what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47
6  (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action
7  that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule
8  12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720
9  F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for
10 failure to state a claim, dismissal is appropriate only when the complaint does not give the
11 defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*
12 *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is
13 sufficient to state a claim, the court will take all material allegations as true and construe them in
14 the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th
15 Cir. 1986). The court, however, is not required to accept as true allegations that are merely
16 conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*
17 *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action
18 with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own
19 case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79
20 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff
21 pleads factual content that allows the court to draw the reasonable inference that the defendant is
22 liable for the misconduct alleged."). In other words, under the modern interpretation of Rule
23 8(a), a plaintiff must do more than specify the legal theory under which he seeks to hold a
24 defendant liable; he also must identify the theory of his own case so that the court can properly
25 determine not only whether any such legal theory exists (*Conley* review), but also whether the

plaintiff has any basis for relief under such a theory even assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III.   ANALYSIS

As an initial matter, none of the claims directly identify statutory or common law causes of action. Defendants argue against the statutory claims that Plaintiff presumably means to identify. First, Defendants are correct that none of them can be liable under § 1983, which applies to actions "under color of state law." Second, Defendants are correct that there is no private cause of action for unauthorized access to medical records under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). *See Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007). Third, Defendants are correct that the Americans with Disabilities Act does not include the United States within its definition of "employer." *See* 42 U.S.C. § 12111(5)(B)(i). Fourth, Defendants are correct that Plaintiff has not sufficiently

1 alleged a claim under the Rehabilitation Act of 1973, which does prohibit disability-based

2 discrimination against a federal employer.  This implied claim relates to Plaintiff's "hostile

3 workplace environment" allegations.  Fifth, Defendants are correct that Plaintiff may not

4 privately prosecute criminal statutes under Title 18.  Sixth, Defendants are correct that only an

5 agency may be sued for wrongful disclosure under the Privacy Act of 1974, and Plaintiff has

6 sued only individuals. *See Schowengerdt v. Gen. Dynamics Corp.*, 823 F.2d 1328, 1340 (9th Cir.

7 1987) (citing 5 U.S.C. § 552a(g)(1)).

8     Accordingly, the Court will dismiss the Complaint, with leave to amend to plead claims

9 against Secretary Shinseki under the Rehabilitation Act of 1973 (the disability-based "hostile

10 workplace environment" claim), *see* 29 U.S.C. § 794a; 42 U.S.C. § 2000e-16(c), as well as a

11 claim against the Veteran's Administration under the Privacy Act of 1974, *see* 5 U.S.C.

12 § 552a(g)(1).  The other Defendants are dismissed with prejudice.

**CONCLUSION**

14     IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 14) is GRANTED,

15 with leave to amend in part.

16     IT IS SO ORDERED.

17 Dated this 11th day of March, 2013.

_____
ROBERT C. JONES
United States District Judge